UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
SHEET METAL, AIR, RAIL, AND :
TRANSPORTATION WORKERS LOCAL :
UNION NO. 137 AND BOARD OF TRUSTEES : **MEMORANDUM**
OF THE INTERNATIONAL ASSOCIATION : **DECISION AND ORDER**
OF SHEET METAL, AIR, RAIL, AND :
TRANSPORTATION WORKERS LOCAL NO. : 15 Civ. 2718 (BMC)
137 INSURANCE PLAN, et al., :
:
                         Plaintiffs, :
:
                  - against - :
:
SCHMID INSTALLATIONS LTD., :
:
                     Defendant. :
---------------------------------------------------------- X

**COGAN**, District Judge.

      This is an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., to collect unpaid fringe benefit contributions. See 29 U.S.C. §§ 1132, 1145. Defendant has failed to appear, and plaintiffs have moved for a default judgment. However, the motion for a default judgment discloses that defendant paid all amounts to which plaintiffs contend they are entitled, apparently after plaintiffs commenced the action. Thus, the only relief plaintiffs seek is attorneys' fees and costs.

      Section 1132 contains two provisions authorizing attorneys' fees. Subsection (g)(1) provides that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Subsection (g)(2)(D) provides, in part, that "[i]n any action under this subchapter by a fiduciary for on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court

shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2)(D).

Since this is an action to collect delinquent contributions, plaintiffs invoke §1132(g)(2)(D) and thus claim attorneys' fees as a matter of right. However, that section is not available to them because they are not entitled to a judgment. Their claim for unpaid contributions has been rendered moot by defendant's payment of all amounts that plaintiffs claim they are owed. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S. Ct. 1382 (2000) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379 (1979)). "When 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,' [there is] no live controversy to review." Camreta v. Greene, ___ U.S. ___, 131 S.Ct. 2020, 2034 (May 26, 2011) (quoting United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203, 89 S. Ct. 361 (1968)). It would be bootstrapping for plaintiffs to assert that their claim for contributions is still live because a judgment on that claim would give them attorneys' fees. The proposed judgment they have submitted is only for attorneys' fees and does not refer to the unpaid contributions claims.

Furthermore, I note that even if plaintiffs were entitled to a judgment, I still could not award attorneys' fees on the record they have given me. It is hornbook law in this Circuit that a plaintiff seeking attorneys' fees must present contemporaneous time records that disclose the amount of time and the claimed hourly rate for each attorney who has billed time. See Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) ("Applications for awards of fees must be documented by time records."); see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("In order to calculate the reasonable hours

expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials."); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."). "The time records submitted in support of an application for attorney's fees must be sufficiently detailed to determine the reasonableness of the hours claimed for any given task." Parrish v. Sollecito, 280 F. Supp. 2d 145, 171 (S.D.N.Y. 2003).

Here, plaintiffs have given me no records at all. They simply insert a proposed number – $2,000 (which is a conveniently round number) – in their statement of damages. They also claim $400 for the filing fee for this action and $112.45 for serving process, but they have provided no documentation for either of those costs. I therefore have no basis to award attorneys' fees or costs.

Accordingly, plaintiff's motion for a default judgment is denied, and the case is dismissed as moot.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
July 23, 2015